LMM Form 1b

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| In Re: ) | |
| Gary Ross Willmon ) | Case No: B-20-80007 C-13D |
| ) | |
| ) | |
| Debtor(s). ) | |

## MOTION FOR LOAN MODIFICATION MANAGEMENT
## POST CONFIRMATION AND PLAN MODIFICATION

NOW COMES <u>Gary Ross Wilmon</u> ("Debtor") pursuant to the Loan Modification Management Program of the United States Bankruptcy Court for the Middle District of North Carolina and respectfully shows unto the Court as follows:

1. The confirmed plan in this case provides for maintenance of payments and cure of default to <u>U.S. Bank Trust, N.A. aka BSI Financial Services</u> ("Creditor") in Section 4.1(b) for a first mortgage on Debtor's residence at <u>14 Kandes Ct., Durham NC, 27713</u> ("Property").

2. The eligibility requirements have been met with respect to the Property. Commencement of the *Loan Modification Management Program* ("LMM") is requested.

3. Prior to the filing of this Motion it was determined that Creditor is registered on the Portal.

4. A completed and executed *Certification of LMM Eligibility and Readiness* (Exhibit 1) and *Contract for LMM Representation* (Exhibit 2) are attached to this Motion.

5. Adequate Protection Payments during the LMM are proposed in the amount of <u>$1,418.00</u>.

6. The commencement of the LMM will require the plan to be modified to pay Adequate Protection Payments to Creditor as defined in the LMM and for payments on any arrearage to be reserved.

7. The substantial and unanticipated change in Debtor's financial circumstances is as follows:

   This case was originally confirmed on April 13, 2020, ordering Debtors Gary Wilmon and Connie Cummings to submit plan payments pursuant to 11 U.S.C. § 1325.

   At the time of filing, Debtor, Connie Cummings was a retail associate working at

Macy's, while Debtor, Gary Wilmon, was unemployed on Social Security Disability Insurance. In February of 2017, Debtor, Gary Wilmon suffered from a 15-foot fall while working and sustained fractures to his pelvis, fracture to his right femur, fracture to his right should, total tear of his right rotator cuff, and serve nerve damage to his right extremities. Due to his fall, Debtor was placed on SSDI and does "odd jobs" as no one will employ him. Additionally, on June 15, 2020, Debtor Connie Cummings, wife to Debtor, Gary Wilmon, passed away due to natural causes. (Exhibit 3).

Debtors filed bankruptcy due to a discrepancy of their mortgage payments after their mortgage had been sold to several different entities, while Debtors continued to make their loan payments. This issue resulted in alleged arrearage in an amount over $35,000.00 and is still in dispute to date.

8. It is requested that the plan be modified pursuant to 11 U.S.C. §1329(a) as follows:

   a. Adequate Protection Payments be disbursed to Creditor as provided in Paragraph 5 above and payments on any arrearage be reserved.
   b. If the LMM is terminated, monthly payments to Creditor resume pursuant to Creditor's filed claim and disbursements resume on Creditor's arrearage.
   c. If a Loan Modification Order is entered, payments to Creditor be disbursed pursuant to the terms of the order.

WHEREFORE, Debtor requests authorization to commence the LMM, the presumptive attorney fee of $1,200.00 be awarded, and to modify the terms of the plan as to Creditor.

This the 16th day of November, 2020.

THE LEMONS LAW FIRM, PLLC


/s/ Carena Brantley Lemons
Carena Brantley Lemons
1921 North Pointe Drive, Suite 201
Durham, North Carolina  27705
carena@thelemonslawfirm.com
(919) 688-7799  Fax (919) 688-7789
State Bar No. 28249

LMM Form 1b

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| In Re: | ) | |
| Gary Ross Willmon | ) | Case No: B-20-80007 C-13D |
| | ) | |
| | ) | |
| Debtor(s). | ) | |

## AFFIDAVIT OF SERVICE

On the 16th day of November, 2020, a copy of the Motion for Loan Modification Management Post Confirmation and Plan Modification was mailed to the following:

Regular, first class United States mail, postage fully pre-paid, addressed to:

Default Mitigation Management LLC
Program Manager
631 Washington Ave #1
Newport, KY 41071

Bill Miller
Bankruptcy Administrator
101 South Edgeworth Street
Greensboro, NC 27401

Mark A. Baker
McMichael Taylor Gray, LLC
22 Century Boulevard
Suite 450
Nashville, TN 37214

Richard M. Hutson, II
Chapter 13 Trustee
3518 Westgate Drive, Suite 400
Durham, NC 27707

This the 16th day of November, 2020.

THE LEMONS LAW FIRM, PLLC

/s/ Carena Brantley Lemons_____
Carena Brantley Lemons
1921 North Pointe Drive, Suite 201
Durham, North Carolina  27705
carena@thelemonslawfirm.com
(919) 688-7799  Fax (919) 688-7789
State Bar No. 28249

Exhibit 1  Case 20-80007    Doc 45    Filed 11/16/20    Page 4 of 6



# Certification of Document Preparation

This *Certification of Document Preparation* shall confirm that the following borrower has successfully completed docUmods:

- **Borrower Name**: Gary Wilmon
- **Mailing Address:** 14 Kandes Ct., Durham, North Carolina 27713
- **Property Address:** 14 Kandes Ct., Durham, North Carolina 27713
- **Bankruptcy Jurisdiction:** North Carolina - Middle - Durham
- **Bankruptcy Case No.:** 1:20-bk-80007
- **Mortgage Servicer:** BSI Financial Services, Inc.
- **Mortgage Loan No.:** 1461836985
- **Invoice No.:** DOCUMODS090220200025

Please be sure to sign and date all forms and gather all supporting documents.

Sincerely,

Default Mitigation Management LLC

LMM Form 3

Exhibit 2

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| In Re: ) | |
| Connie Ann Cummings ) | |
| Gary Ross Willmon ) | Case No: B-20-80007 C-13D |
| ) | |
| ) | |
| Debtor(s). ) | |

## **CONTRACT FOR LMM REPRESENTATION**

I/We, <u>Gary Ross Willmon</u>, hereafter referred to as "Debtors", retain and employ <u>The Lemons Law Firm, PLLC</u> ("Law Firm") to represent Debtor in attempting to obtain a mortgage modification through the Chapter 13 case under the Loan Modification Management Program ("LMM") with regard to a mortgage with <u>U.S. Bank Trust, N.A. aka BSI Financial Services</u> ("Creditor").

### Scope of Agreement

1. Debtor retains Law Firm for representation under the LMM in Debtor's current and active Chapter 13 case. Specifically, Law Firm will:

    a. Review all documents and history of loans, give Debtor an analysis of the situation with available options, and advise whether seeking a loan modification is advisable and feasible;

    b. Gather from Debtor all necessary documents and information required under the LMM, prepare and upload such to the LMM Portal and assist Debtor in responding to requests for further documentation and information;

    c. Appear at all court hearings and Program Manager conferences, file all pleadings as required by the LMM, respond to all requests from Program Manager and Creditor, and negotiate with Creditor to seek a loan modification; and,

    d. Advise Debtor regarding acceptance of any loan modification offer and seek approval and implementation of Debtor's choice based upon this discussion, including seeking allowance of that option and attorney's fees through Debtor's Chapter 13 plan.

2. Debtor agrees:

    a. The attorney fee for this representation in the LMM to seek a modification of the mortgage through the Chapter 13 case will be $2,000.00. The fee will be paid through the Chapter 13 plan. The attorney fee is non-refundable and is charged for each mortgage Debtor attempts to modify.

    b. There are additional non-refundable fees totaling $ 380.00 for participation in the program. The fees include the Document Preparation Software Fee, LMM Portal Submission Fee and Program Manager Fee. These fees are for each mortgage Debtor seeks to modify. Debtor acknowledges that the Motion for Loan Modification Management cannot be filed until Debtor pays the additional non-refundable fees in certified funds.

3. Debtor understands, once the Order for Loan Modification Management is entered, Creditor will be paid through the Chapter 13 case pursuant to the order. The payment will include a portion of the principal and interest on the mortgage plus any escrow.

4. Debtor understands Creditor may object to the Motion for Loan Modification Management and that Creditor cannot be compelled to participate in the LMM. Debtor understands Creditor's participation in the LMM does not guarantee a favorable loan modification. The outcome of the LMM is uncertain. Law Firm makes no representations as to the outcome of the LMM.

5. Debtor understands there is an ongoing responsibility to maintain homeowners insurance and any other required insurance under the terms of the mortgage.

6. Debtor understands all required documentation must be provided to Law Firm within 72 hours of request and that there may be numerous requests for documentation.

7. Debtor understands Debtor is required to attend all Program Manager conferences.

8. Debtor understands all owners of the property and all parties that signed the promissory note must participate in the LMM process, including attending Program Manager conferences.

9. All terms of the original bankruptcy case retainer agreement shall remain in full force and effect and shall not be altered by the execution of this agreement.

    Debtor and Law Firm acknowledge and agree to the terms contained in this agreement.

Date: 6-30-2020

Signature of Debtor 1

Date: 6, 30, 2020

**THE LEMONS LAW FIRM, PLLC**

By: _____
Signature of Attorney